Hon. M. R. Bullock, Page 2

7252, as amended, Texas Jurisprudence Volume 34 Page 601, 50 C. J. Page 96, Note 12."

Kindly permit us to confirm the above telegram to you and the opinion therein expressed. Article 7252, Vernon's Civil Statutes, at the time of your opinion request, read as follows:

"Each Assessor and Collector of Taxes may appoint one or more deputies to assist him in the assessment and collection of taxes, and may require such bond from the person so appointed, as he deems necessary for his indemnity; and the Assessor and Collector of Taxes shall in all cases be liable and accountable for the proceedings and misconduct in office of his deputies; and the deputies appointed in accordance with the provisions of this Article shall do and perform all the duties imposed and required by law of Assessor and Collectors of Taxes; and all acts of such deputies done in conformity with law shall be as binding and valid as if done by the Assessor and Collector of Taxes in person, . . ."

Mr. Wilson's deputies, as deputies sheriff, had been required to take the oath of office under Article 6869, Revised Civil Statutes. Under Article 5, Section 16, of the Constitution, he was also the Assessor and Collector of Taxes and his deputies were authorized to collect taxes. They were public officers. Towns vs. Harris, 13 Tex. 507; Miller vs. Alexander, 13 Tex. 497; State vs. Brooke, 42 Tex. 62; Murray vs. State, 67 S. W. (2d) 274. Mr. Wilson's bond was still liable in case of default on the part of the men he had appointed as his deputies. 50 C. J. 96. Without intimating that these men were not de jure officers in the fullest sense, we express the opinion that they were at least de facto officers and empowered to accept tax money and issue valid receipts therefor during the period inquired about.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED DEC 21, 1939
Gerald C. Mann

By Glenn R. Lewis

Glenn R. Lewis
Assistant

APPROVED

CRL:BBB